O

# United States District Court
# Central District of California

| | |
|---|---|
| MELVYN L. DURHAM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; LOYOLA MARYMOUNT UNIVERSITY; and DOES 1–100, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-08202-ODW(KSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [10] AND DENYING PLAINTIFF'S MOTION TO REMAND [11]** |

## I.　INTRODUCTION

Plaintiff Melvyn L. Durham alleges that Defendants The Prudential Insurance Company of America ("Prudential") and Loyola Marymount University ("LMU") wrongfully denied him disability benefits. Plaintiff filed a complaint in state court asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants removed the case to federal court, arguing that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts Plaintiff's state law claims. Plaintiff contends that the benefit plan at issue is a "church plan," and thus exempt from ERISA. Defendants now move to dismiss Plaintiff's First Amended Complaint based on ERISA preemption, and Plaintiff

moves to remand the case based on lack of subject matter jurisdiction and the existence of a forum selection clause. For the reasons discussed below, the Court **DENIES** both Motions. (ECF Nos. 10, 11.)[1]

## II. BACKGROUND

For approximately thirteen years, LMU employed Plaintiff as a Craft Shop Manager. (First Am. Compl. ¶ 10, ECF No. 1-5.) During this time, Plaintiff participated in a long-term disability plan administered by Prudential. (*Id.* ¶ 11.) Plaintiff alleges that Defendants wrongfully denied him benefits under the plan. (*See id.* ¶¶ 12–18.) In September 2016, Plaintiff filed this action in state court. (ECF No. 1-2.) Three weeks later, Plaintiff filed a First Amended Complaint, in which he asserted state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (First Am. Compl. ¶¶ 19–29.) Plaintiff specifically alleged that the benefit plan is a church plan as defined under ERISA, pointing to LMU's mission statement describing the university as "institutionally committed to Roman Catholicism" and stating that its "Catholic identity and religious heritage distinguish LMU from other universities and provide touchstones for understanding our threefold mission." (*Id.* ¶ 9.)

Defendants timely removed this action to federal court. (ECF No. 1.) In their Notice of Removal, Defendants contend that ERISA completely preempts Plaintiff's state law claims, thereby conferring federal question jurisdiction. (Not. of Removal ¶¶ 5–17.) Defendants also submitted a declaration from LMU's Vice President of Human Resources stating that while LMU is "affiliated with the Catholic Church, [it] is not a church in and of itself, is not operated by the Catholic Church, and does not receive most of its funding from the Catholic Church." (Chandler Decl. ¶ 4, ECF No. 1-11.) Thus, Defendants contend, the benefit plan at issue is not a church plan under

---

[1] After considering the papers filed in connection with both Motions, the Court deemed them appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

ERISA. (Not. of Removal ¶¶ 21–23.)[2]

After removal, Defendants moved to dismiss Plaintiff's claims based on ERISA preemption. (ECF No. 10.) Plaintiff then moved to remand the action to state court based on lack of subject matter jurisdiction and the existence of a forum selection clause in the benefit plan. (ECF No. 11.) Both parties opposed the other's Motion. (ECF Nos. 14, 16.) Those Motions are now before the Court for decision.

### III. MOTION TO REMAND

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). A defendant may remove a case from state court to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Plaintiff advances three reasons why the Court should remand this case: (1) the benefit plan at issue is a "church plan," and thus Plaintiff's state law claims are not preempted by ERISA; (2) ERISA preemption does not in any event prohibit the particular state law claims in this matter; and (3) the benefit plan contains a forum

---

[2] Defendants also contended that there is diversity jurisdiction because LMU, the only non-diverse party, was fraudulently joined. (Not. of Removal ¶¶ 24–38.) As the Court concludes that there is federal question jurisdiction based on complete preemption, the Court need not decide whether there is also diversity jurisdiction.

selection clause that requires disputes arising therefrom to be litigated in state court. (ECF No. 11-1.) The Court finds none of these reasons persuasive.

## A. Complete Preemption Under ERISA

Under the well-pleaded complaint rule, the court determines the existence of federal question jurisdiction by looking at the plaintiff's claims rather than the defendant's defenses. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Thus, a federal defense—such as preemption—typically does not give rise to federal question jurisdiction. *Id.* The only exception is where "a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* Federal question jurisdiction exists in those instances because the plaintiff's claim, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207–08 (internal quotation marks omitted). The Supreme Court has adopted a two-part test for determining whether ERISA completely preempts state law claims: "if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210).

### 1. First Prong of *Davila*

Under § 502(a)(1)(B), a participant in or beneficiary of a "plan" may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). ERISA defines "plan" to include an "employee welfare benefit plan," *id.* § 1002(3), and in turn defines "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries . . . disability . . . benefits." *Id.* § 1002(1). Here, Plaintiff alleges that he was covered under a plan maintained by LMU, his employer, that provides eligible employees with long-term disability benefits, and that he was wrongfully denied disability benefits under that plan. (First Am. Compl. ¶¶ 12–18.) Thus, the plan qualifies as an

"employee welfare benefit plan," § 1002(1), and the wrongful denial of benefits under that plan entitles Plaintiff to bring an action under § 502(a)(1)(B).

Plaintiff does not dispute this, but rather argues that the plan is nonetheless exempt from ERISA as a "church plan." *See* 29 U.S.C. § 1003(a)(b)(2) ("The provisions of this subchapter shall not apply to any employee benefit plan if such plan is a church plan . . . ."). ERISA defines a "church plan" as "a plan *established* and *maintained* . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches." 29 U.S.C. § 1002(33)(A) (emphasis added). ERISA further provides:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan *maintained* by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

29 U.S.C. § 1002(33)(C)(i) (emphasis added). For shorthand, the Court refers to such organizations as "principal purpose organizations."

Plaintiff's main argument with respect to ERISA's church plan exemption is that under subsection (33)(C)(i), a plan is a "church plan" if it is *maintained* by a principal purpose organization, regardless of who- or whatever initially *established* the plan. (Mot. to Remand at 5–6.) Plaintiff argues that LMU is a principal purpose organization that maintains the plan, and thus it qualifies as a "church plan." (*Id.*) Plaintiff argues in the alternative that if the Court reads ERISA to require that the plan also be established by a church, LMU *is* in fact a church. (*Id.*) Both arguments fail.

### i. Whether a Church Plan Must be Established by a Church

The Third Circuit, Seventh Circuit, and Ninth Circuit have each held that "a plan must have been [1] established by a church *and* [2] maintained either by a church

5

or by a principal-purpose organization" in order to qualify for the church plan exemption; it is insufficient that the plan is simply maintained by a principal purpose organization. *Rollins v. Dignity Health*, 830 F.3d 900, 905 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 547 (2016); *see also Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175, 180–81 (3d Cir. 2015); *Stapleton v. Advocate Health Care Network*, 817 F.3d 517, 523–27 (7th Cir. 2016). Plaintiff argues that the Ninth Circuit's opinion in *Rollins* is not binding on this Court because the Supreme Court granted a stay pending resolution of the petition for writ of certiorari. *See Dignity Health v. Rollins*, 137 S. Ct. 28 (2016). After briefing on this Motion was complete, the Supreme Court granted certiorari, and thus the stay remains in effect until the Court issues its judgment. *See id.*; *Dignity Health v. Rollins*, 137 S. Ct. 547 (2016).

Plaintiff's argument is unpersuasive for two reasons. First, it is not clear that the Supreme Court's stay disturbs the precedential effect of *Rollins*. The granting of a writ of certiorari always acts to stay enforcement of the circuit court's judgment. *See Waskey v. Hammer*, 179 F. 273, 274 (9th Cir. 1910) ("A certiorari to a subordinate court or tribunal operates as a stay of proceedings from the time of its service or of formal notice of its issuance."). Nonetheless, the default rule (at least in the Ninth Circuit) is that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Thus, it appears that a stay of proceedings pending Supreme Court review does not normally affect the precedential value of the circuit court's opinion. As there is no indication that the particular stay in *Rollins* was greater in scope than that normally imposed when writs of certiorari issue,[3] the Court assumes the stay was not intended to disturb the default rule

---

[3] While the Supreme Court likely issued the stay initially under 28 U.S.C. § 2101(f), that subsection authorizes a stay only for the purpose of "obtain[ing] a writ of certiorari from the Supreme Court." Now that the Court has granted the writ, it does not appear that this statute

regarding the binding effect of the circuit court's opinion pending Supreme Court review. Second, even if *Rollins* is no longer binding authority due to the Supreme Court's stay, it is at the very least persuasive authority. And because the Court finds both its reasoning and the reasoning of the Third and Seventh Circuits persuasive, the Court concludes that a plan is not a church plan unless it is established by a church. *Rollins*, 830 F.3d at 905; *Kaplan*, 810 F.3d at 180–81; *Stapleton*, 817 F.3d at 523–27.

### ii.    Whether LMU is a "Church"

Plaintiff argues half-heartedly that LMU is itself a "church," and thus the disability plan at issue qualifies as a church plan even under *Rollins*. (Mot. to Remand at 5.) In support of this argument, Plaintiff points to various websites highlighting LMU's affiliation with the Catholic Church. (Graham Decl., Exs. 1–2, ECF No. 11-2; Graham Decl., Exs. A–D.) Defendants respond by pointing to the declaration of LMU's Vice President of Human Resources, wherein she states that while LMU is "affiliated with the Catholic Church, [it] is not a church in and of itself." (Chandler Decl. ¶ 4.)[4]

ERISA does not appear to define what constitutes a "church." Moreover, whether an institution is a "church" appears to be a question of fact rather than a question of law. *See Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Acc. Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987) ("[T]he existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person."); *see Torres v. Bella Vista Hosp., Inc.*, 523 F. Supp. 2d 123, 135 (D.P.R. 2007) (whether a plan is a church plan is a question of fact). Normally, a court may weigh evidence and resolve factual disputes concerning

---

supplies the basis for the continuance of the stay. Moreover, the Court in any event would not construe a stay under § 2101(f) to affect the precedential value of the circuit court's opinion either.

[4] The Court declines to rule on Plaintiff's objections to paragraphs 1–3 of Chandler's declaration as the Court does not rely on the facts in those paragraphs to which Plaintiff objects. (ECF No. 11-3.) With respect to paragraph 4, the Court overrules Plaintiff's objections. Defendants' evidence is not inadmissible just because it contradicts Plaintiff's evidence.

the court's subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (brackets, citations, and internal quotation marks omitted). However, the court cannot do so where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* In those situations, the court must instead apply "the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits. Therefore, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014) ("[A] court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim.").

Here, there is no doubt that the question whether the plan is a "church plan" is central to both the Court's jurisdiction and the merits of the action, because ERISA both provides the basis for the Court's subject matter jurisdiction and a complete affirmative defense to Plaintiff's state law claims. *See, e.g.*, *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) ("[T]he existence of an ERISA plan . . . [is a] factual determination[] necessary to establish both the merits of the Trustees' claims and ERISA jurisdiction."); *Zeiger v. Zeiger*, 131 F.3d 150 (9th Cir. 1997) (unpublished) ("Because [the plaintiff] brought her action under ERISA, the issue of whether the court had subject matter jurisdiction under that statute was intertwined with the merits of her claims."); *Torres*, 523 F. Supp. 2d at 135; *Puccio v. Standard Ins. Co.*, No. 12-CV-04640-JST, 2013 WL 1411155, at *4 (N.D. Cal. Apr. 8, 2013) ("[T]he jurisdictional question is significantly intertwined with the underlying facts of the case because ERISA provides the basis for both subject matter jurisdiction and Puccio's claim for relief."). Consequently, the Court should apply a

summary judgment-like standard, and remand the case only if the plaintiff establishes that there is no genuine dispute that the welfare benefit plan is not an ERISA plan.

Plaintiff has far from established this. LMU submits a declaration attesting that it is not a church, that it hires both Catholic and non-Catholic professors, and that it receives funding from sources outside the Catholic Church. Plaintiff's evidence, on the other hand, has little tendency to show that LMU is a church. For example, Plaintiff submits evidence suggesting that LMU has a church on campus, but this does not mean the university is itself a church. (*See* Graham Decl., Ex. A–C, ECF No. 18.) Plaintiff also refers to LMU's mission statement and two statements regarding LMU's history, but they at best show that LMU is simply affiliated with the Catholic Church. (*See* First Am. Compl. ¶ 9; Graham Decl., Exs. 1–2, ECF No. 11-2; Graham Decl., Ex. D, ECF No. 18.) Thus, Plaintiff clearly has not established the absence of a genuine dispute as to whether the plan at issue is church plan; to the contrary, the evidence submitted heavily suggests that the plan is *not* a church plan.

In sum, Defendants have shown that "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," thus satisfying the first prong of *Davila*. 542 U.S. at 210.

### 2. Second Prong of *Davila*

The second prong of *Davila* requires that there be no other independent legal duty implicated by the defendant's actions. Plaintiff argues that "[a]ll individuals have a general duty not to engage in tortious conduct . . . [t]herefore, Plaintiff has a legal right to assert emotional distress claims." (Opp'n at 9-10.) This argument borders on frivolous. The purported "tortious conduct" giving rise to Plaintiff's emotional distress claim is the denial of benefits. Defendants' duties with respect to reviewing and deciding benefit claims in ERISA-covered benefit plans are covered exclusively by ERISA. There simply is no independent duty implicated by Defendants' actions here. *See Davila*, 542 U.S. 200, 213 (holding that there is no independent legal duty where "potential liability . . . derives entirely from the

1  particular rights and obligations established by the benefit plan[]"). Consequently, the
2  Court concludes that Plaintiff's claims are completely preempted by ERISA.

3  **B.      Forum Selection Clause**

4       As an alternative argument for remand, Plaintiff claims that the benefit plan
5  contains a forum selection clause requiring that claims arising under the plan be
6  litigated in California state court. (Mot. to Remand at 2–4.) The Court disagrees.

7       A federal court may remand a case to state court based on a forum selection
8  clause. *See, e.g.*, *Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009); *Pelleport
9  Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276 (9th Cir. 1984). In the
10 Ninth Circuit, courts interpret forum selection clauses under federal common law.
11 *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009); *Manetti-Farrow, Inc. v.
12 Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "A written contract must be read
13 as a whole and every part interpreted with reference to the whole, with preference
14 given to reasonable interpretations." *Klamath Water Users Protective Ass'n v.
15 Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). "Contract terms are to be given their
16 ordinary meaning, and when the terms of a contract are clear, the intent of the parties
17 must be ascertained from the contract itself." *Id.* Where the language of a forum
18 selection clause is "plain and unambiguous," the court must enforce the clause as
19 worded without reference to extrinsic evidence. *Doe 1*, 552 F.3d at 1081.

20      Plaintiff points to a provision in the insurance contract between LMU and
21 Prudential stating that the contract is to be "governed by the laws of the Governing
22 Jurisdiction." (Petrone Decl., Ex. 1, ECF No. 1-7.) The contract then identifies the
23 "Governing Jurisdiction" as the State of California. (*Id.*) However, the law governing
24 the interpretation of the contract has nothing to do with *where* a lawsuit arising under
25 the contract may be brought. Moreover, it is not clear that this language even applies
26 to benefit determinations under the plan. The contract in which Plaintiff finds this
27 language is between LMU and Prudential, not the beneficiary. The plan summary
28 issued to the beneficiary, in contrast, repeatedly refers to the rights and obligations of

both the beneficiary and the plan administrator under ERISA, *not* state law. (*See generally* Petron Decl., Ex. 3.) In short, the Court is not persuaded that the language Plaintiff points to mandates a state court forum for denial of benefit claims.[5]

### C. Attorneys' Fees and Costs

Plaintiff seeks an award of attorneys' fees and costs in the amount of $10,750 on the basis that Defendants' removal of the case was frivolous. (Mot. at 10.) Because the Court declines to remand the action, the Court also denies Plaintiff's request for fees and costs. *See* 28 U.S.C. § 1447(c) (authorizing fees and costs only where the court remands the case).

## IV. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's state law claims based on ERISA preemption. (*See generally* ECF No. 10.) However, neither the facts pleaded in the complaint nor any facts subject to judicial notice establishes this defense. Thus, the Court denies Defendants' Motion.

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable

---

[5] To the extent this provision could be construed as a choice-of-law provision, *see Wang Labs., Inc. v. Kagan*, 990 F.2d 1126, 1128 (9th Cir. 1993), the Court considers any such argument waived.

inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"Ordinarily[,] affirmative defenses may not be raised by motion to dismiss." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). The only exception is where the defendant can establish the affirmative defense through either facts that the plaintiff had pleaded or facts that are subject to judicial notice. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (noting that motions to dismiss based on affirmative defenses are "rare because a plaintiff is not required to say anything about [the facts concerning affirmative defenses] in his complaint"); *Jones v. Bock*, 549 U.S. 199, 216 (2007) (same).

Because ERISA preemption is an affirmative defense, *see, e.g.*, *Mastaler v. Unum Life Ins. Co.*, No. 11CV1210 DMS NLS, 2012 WL 579537, at *2 (S.D. Cal. Feb. 22, 2012), Defendants must show that the facts pleaded in the complaint or subject to judicial notice conclusively establish the defense. Defendants do not show this. Instead, Defendants argue that Plaintiff has not pleaded sufficient facts to establish that the plan is a church plan. (Mot. to Dismiss at 10; Reply to Mot. to Dismiss at 3–4.) However, it is not Plaintiff's burden to plead facts negating Defendants' affirmative defenses; indeed, the complaint need not say anything at *all* about Defendants' affirmative defenses.[6] *See ASARCO*, 765 F.3d at 1004; *Albino*, 747 F.3d at 1169. Because nothing pleaded in the complaint conclusively establishes that the plan is not a church plan and thus subject to ERISA, Defendants' argument fails.

/ / /

/ / /

---

[6] The Court also cannot consider the declarations submitted by Defendants in support of their Notice of Removal and their Opposition to Plaintiff's Motion to Remand. *See, e.g.*, *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) (court cannot consider declarations on a motion to dismiss); *see also, e.g.*, *Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F. Supp. 2d 1197, 1203 (W.D. Wash. 2010) (same); *Chung v. Strategic Decisions Grp.*, No. CIV.08-1480-ST, 2009 WL 1117492, at *2 (D. Or. Apr. 23, 2009) (same).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand, and **DENIES** Defendants' Motion to Dismiss. (ECF Nos. 10, 11.)

**IT IS SO ORDERED.**

February 10, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**